UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Richard L. Greenstreet,

                Plaintiff,

vs.

Michael J. Astrue,
Commissioner of Social
Security,[1]

                Defendant.      Civ. No. 03-3557 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Request for District Court Review of the Commissioner's Final Decision after Remand. The Court has considered the request,

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, we have substituted him as the named Defendant.

and its supporting papers, and deems further argument unnecessary. For reasons which follow, we recommend that the Plaintiff's request be denied.

## II. Factual and Procedural Background

On July 2, 2003, the Plaintiff filed a Complaint, in which he sought a judicial review of the Commissioner's final decision that denied his application for Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The parties filed cross-Motions for Summary Judgment, see, Docket Nos. 11 and 12, and on July 28, 2004, we issued a Report and Recommendation in which we recommended that both Motions be denied, and that the case be remanded to the Commissioner for further proceedings. See, Amended Report and Recommendation, Docket No. 17.[2] Although we will not parse our prior analysis in detail, in our Report, we observed that, in determining the Plaintiff's Residual Functional Capacity ("RFC"), the Administrative Law Judge ("ALJ") limited the Plaintiff, in pertinent part, "to medium work requiring lifting no more than 50 pounds occasionally and 25 pounds frequently," for the period of time dating from October 5, 2000. Id. at 38. However,

---

[2] We issued our original Report and Recommendation on July 27, 2004, which contained a clerical error in the decisional paragraph. See, Docket No. 15. Accordingly, we issued an Amended Report and Recommendation on July 28, 2004, in which we clarified our recommendation to deny both parties' Motions for Summary Judgment. See, Docket No. 17.

the Plaintiff subsequently submitted medical records to the Appeals Council, which revealed that, in 2001, the Plaintiff had been diagnosed with mild diffuse degenerative disease in the thoracic spine, and that, in 1992, the Plaintiff was diagnosed with certain shoulder conditions, which continued to cause him pain in 2002. Id. at 38-40.

Accordingly, we concluded that the RFC, which was formulated by the ALJ, was not supported by substantial evidence in the Record, insofar as it related to the Plaintiff's lifting capacity. Id. at 41. Although we did not find that the Plaintiff was entitled either to DIB, or SSI, as a result of his back and shoulder conditions, we concluded that the supplemented Record "should be remitted for the examination of the Administrative Law Judge, and such experts as would properly weigh upon the matter." Id. at 42. Accordingly, we recommended a remand to the Commissioner for further proceedings and, by Order dated August 17, 2004, the District Court, the Honorable Donovan W. Frank presiding, adopted our amended Report. See, Order, Docket No. 20. The District Court also adopted our Recommendation that Judgment be entered in the case, pursuant to the United States Supreme Court's holding in Shalala v. Schaefer, 509 U.S. 292 (1993). Id.

Based upon the Plaintiff's current submissions, it appears that a second Hearing occurred on January 21, 2005, before a different ALJ, pursuant to the District Court's

remand Order. See, Plaintiff's Request, Docket No. 21, at unnumbered page 9. The second ALJ issued her ruling on February 25, 2005, in which she awarded SSI benefits to the Plaintiff, but not DIB. Id. at unnumbered page 18.

Thereafter, the Plaintiff requested an Administrative Review before the Appeals Council which, on October 3, 2007, declined to review the matter further, and advised the Plaintiff that he had sixty (60) days in which to file a civil action.[3] Id. at unnumbered page 58. Thus, the ALJ's determination became the final decision of the Commissioner, and was ripe for judicial review. See, Steahr v. Apfel, 151 F.3d 1124, 1125 (8th Cir. 1998); Johnson v. Chater, 108 F.3d 942, 943-44 (8th Cir. 1997); 20 C.F.R. §1481. In its letter, the Appeals Council advised the Plaintiff on the procedure for seeking review of the ALJ's decision, in Federal District Court, as follows:

> The court order that sent this case back to the Commissioner **ended the court's review** of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, **you must file a new civil action.**
>
> \* \* \*

---

[3]On January 24, 2008, the Appeals Council granted the Plaintiff's request for additional time in which to file a civil action, and provided the Plaintiff with an extension of thirty (30) days from the date that the Plaintiff received the Appeals Council's decision. See, Plaintiff's Request, supra at unnumbered page 4.

> You may file a civil action (ask for court review) **by filing a complaint** in the United States District Court for the judicial district in which you live.

Id. at unnumbered page 59 [emphasis added].

Despite the language of the Appeals Council's correspondence, the Plaintiff did not file a new Complaint, in order to appeal the second ALJ's decision. Instead, on February 29, 2008, he filed a Request for District Court Review, which included a caption for this action, and this action's file number. Id. at unnumbered pages 1-2.

For reasons which follow, we recommend that the Plaintiff's Request for Review be denied.

### III. Discussion

A. Standard of Review. Title 42 U.S.C. §405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party * * * may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."[4] See also, Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003). Here, we do

---

[4]The Code of Federal Regulations echoes the 60-day filing requirement in 20 C.F.R. §422.210(c), which states in pertinent part, as follows: "Any civil action * * * must be instituted within 60 days after the Appeals Council's notice of denial of request for
(continued...)

not address whether the Plaintiff timely appealed the second ALJ's decision, pursuant to the filing extension which was granted by the Appeals Council but, instead, we recommend that the Plaintiff's request be denied, given that our jurisdiction over this civil action ended when the District Court ordered a remand to the Commissioner.

In reviewing a final agency decision concerning a claimant's entitlement to Social Security benefits, a District Court may remand a case to the Commissioner, pursuant to Sentence Four, or Sentence Six, of Title 42 U.S.C. §405(g). The Supreme Court has held that those are the "exclusive methods" by which a Court may order a remand. See, Shalala v. Schaefer, supra at 296; Melkonyan v. Sullivan, 501 U.S. 89 (1991). Sentences Four and Six of Section 405(g) provide, in pertinent part, as follows:

> [4]   The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing * * *.
>
> \*   \*   \*

---

[4](...continued)
review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause."

> [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the [Commissioner] for further action by the [Commissioner], and it may at any time order additional evidence from the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding * * *.

Construing these provisions, the majority in the Melkonyan decision explained that Congress pointedly sought to preclude the authority of the Court to remand in cases where "'the judge disagree[d] with the outcome of the case even though he would have to sustain it under the substantial evidence rule.'" Melkonyan v. Sullivan, supra at 101, quoting S. Rep. No. 96-408, pp. 58-59.

Under Sentence Four, "a district court may remand in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision," id. at 99-100, which can occur only "when the district court makes a substantive ruling regarding the case, rather than merely returning the case to the agency for disposition." Hanson v. Chater, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995), citing Melkonyan v. Sullivan, supra at 98. Accordingly, as a firm prerequisite to a remand under Sentence Four, the District Court must conduct a plenary review of the entire Record, and enter a Judgment either affirming, modifying, or reversing, the decision

to deny benefits. Id. at 1283 (concluding that a Sentence Four remand is inappropriate where it would require issuance of Judgment when no substantive ruling is necessary); see also, Travis v. Astrue, 477 F.3d 1037, 1039-40 (8th Cir. 2007); but cf., Finch v. Apfel, 993 F. Supp. 712, 713 n. 2 (E.D. Mo. 1998)(concluding that, where the Commissioner stipulates to a remand due to ALJ's errors of law, a Sentence Four remand is permitted without plenary review of the Record). Accordingly, "[r]emand under sentence four terminates the court's jurisdiction, while remand under sentence six does not." Travis v. Astrue, supra at 1039, citing Shalala v. Schaefer, supra at 301; see also, Smith v. Halter, 246 F.3d 1120, 1122 (8th Cir. 2001).

  B. Legal Analysis. Here, we conducted a plenary review of the Record that was first presented, pursuant to the Plaintiff's Complaint in this action, and we concluded that, based upon our examination, the Commissioner's decision to deny the Plaintiff's request for benefits was not supported by substantial evidence, given the medical records which the Plaintiff submitted for the Appeals Council's review. See, Title 42 U.S.C. §405(g); see also, e.g., Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir. 1998); Gallus v. Callahan, 117 F.3d 1061, 1063 (8th Cir. 1997)(The Commissioner's decision must be affirmed if it conforms to the law and is supported by substantial evidence on the Record as a whole). As a consequence, we recommended that the

decision of the ALJ be reversed, and that the action be remanded, pursuant to Sentence Four, in order to allow the Commissioner to further consider the Plaintiff's application and, specifically, the additional medical records.[5]

After the remand Order was issued pursuant to Sentence Four, this action was terminated by the Clerk of Court, but without any entry of Judgment, notwithstanding the language in the District Court's Order. See, e.g., Order, Docket No. 20, at 2 (ordering that, "pursuant to the holding in Shalala v. Schaefer, 509 U.S. 292 (1993), judgment is entered accordingly."); compare, D. Minn. LR7.2, Advisory Committee Notes (1996)("When a claim is remanded by the Court under sentence four, the remand is a final decision and the judge's order shall state that a judgment should be entered," and "[t]he Court does not retain jurisdiction[.]"), citing Shalala v. Schaefer, supra; and Strom v. Astrue, Civ. No. 07-150 (DWF/RLE), Docket No. 24 (Clerk of Court entered Judgment, following identical District Court Order, adopting our Report and Recommendation).

---

[5]A Sentence Six remand would have been unavailing, as there was no suggestion that the parties had new evidence which was not previously available for presentation to the ALJ, and in view of the fact that the Commissioner had promptly filed an Answer to the Plaintiff's Complaint. See, Bruckner v. Apfel, 213 F.3d 1006, 1010-11 (8th Cir. 2000); Answer, Docket No. 5.

We recognize that the "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." Schaefer v. Shalala, supra at 297, citing Melkonyan v. Sullivan, supra at 101-02; see also, Pottsmith v. Barnhart, 306 F.3d 526, 528 (8th Cir. 2002)[citing same]; cf., Richmond v. Chater, 94 F.3d 263, 266 (7th Cir. 1996)("The entry of a Rule 58 judgment is not a prerequisite to finality; it is merely evidence that the district court is done with the case[.]").  No Judgment was entered in this action, but we conclude that oversight was simply a clerical error by our Clerk of Court.  Compare, Freeman v. Shalala, 2 F.3d 552, 554 (5th Cir. 1993) ("The district court should have entered a Rule 58 judgment when it remanded to the Secretary [pursuant to Sentence Four.]"); with Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995)(Although "the district court failed to enter a final judgment terminating its jurisdiction over the case," "[n]evertheless, the circumstances of this case make clear that the district court's remand * * * was issued pursuant to sentence four.").

Moreover, "[a] substantive ruling on the merits of the case is a second factor distinguishing sentence-four from sentence-six remands." Pottsmith v. Barnhart, supra at 528, citing Melkonyan v. Sullivan, supra at 98.  Accordingly, we find no basis

to conclude that the remand Order was issued pursuant to Sentence Six, rather than Sentence Four, of Section 405(g). This is true because the District Court issued a substantive ruling in this action, based upon our Report and Recommendation. See, Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000)("[R]emand orders that do not expressly affirm, modify, or reverse a decision of the Commissioner but rather direct him to cure some specific defect in the administrative proceeding, such as the ALJ's failure to develop the record or to properly evaluate the evidence, are nonetheless sentence four remands."), citing Welter v. Sullivan, 941 F.2d 674, 675 (8th Cir. 1991), and Hafner v. Sullivan, 972 F.2d 249, 251 (8th Cir. 1992); see also, Pottsmith v. Barnhart, supra at 529.

In a decision that pre-dated Melkonyan, our Court of Appeals held "that a sentence four remand order was interlocutory and therefore the district court retained jurisdiction to consider an otherwise untimely appeal from an order denying benefits on remand." Hafner v. Sullivan, supra at 251, citing Robertson v. Sullivan, 925 F.2d 1124, 1125-26 (8th Cir. 1991). In Robertson, our Court of Appeals rejected the Commissioner's argument, that "a claimant whose case was remanded would have to file a new petition for judicial review" of the ALJ's decision after remand. See, Robertson v. Sullivan, supra at 1125. Instead, the Robertson Court concluded that a

claimant could file a Motion to reopen his case. Id. at 1124, 1126. In so holding, the Court relied on "the custom of most district courts," and the "well settled" rule "that a remand order is interlocutory and does not divest the district court of jurisdiction over the case." Id. at 1125.

We think it plain that the holding of Robertson did not survive the United States Supreme Court's decision in Shalala v. Schaefer, which held "that that retention of jurisdiction, that failure to terminate the case, [is] error[.]" Shalala v. Schaefer, supra at 299, citing Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990). Indeed, our Court of Appeals has since recognized that a Sentence Four remand terminates our jurisdiction. See, Travis v. Astrue, supra at 1039; Smith v. Halter, supra at 1122.

In addition, we find that the remand Order, in this action, did not contemplate any retention of jurisdiction, in view of the District Court's directive that Judgment be entered, and based upon our substantive Recommendation that the action be remanded because the ALJ's decision was not supported by substantial evidence. See, Order, Docket No. 20; Amended Report and Recommendation, Docket No. 17. Accordingly, our jurisdiction over this matter terminated once the District Court directed a remand to the Commissioner, notwithstanding the inadvertent failure of the Clerk of Court to enter that final Judgment.

As a result, we have no jurisdiction to consider the Plaintiff's present request that the District Court review the ALJ's decision following remand. See, Travis v. Astrue, supra at 1039; Smith v. Halter, supra at 1122 (affirming District Court, which concluded that it lacked jurisdiction to consider motions filed by plaintiff, following Sentence Four remand, and entry of final Judgment).

Although the Plaintiff plainly seeks judicial review of the ALJ's decision following remand, in order to obtain that review, he must commence a new civil action by the filing of a new Complaint. See, D.Minn. LR7.2, Advisory Committee Notes (1996)("If the decision on remand is adverse to the claimant, the claimant must file and serve a new summons and complaint."); compare Miller v. Apfel, 2001 WL 737546 at *1 (S.D. Iowa, February 21, 2001)(noting that the claimant filed a new Complaint, in order to seek review of an ALJ's decision after remand); Richmond v. Chater, supra at 266 ("[B]y entering a final judgment the [District Court] had terminated the case in which the remand order had been issued, so that to invoke the court's jurisdiction in order to challenge the decision on remand [the plaintiff] would have to file a new complaint."); Carrol v. Sullivan, 802 F. Supp. 295, 302 (C.D. Cal. 1992)(concluding that, under Melkonyan, the claimant would have to institute a new case, but declining to apply the rule retroactively to a 1989 remand Order); Doughty

v. Secretary of Health and Human Services, 788 F. Supp. 1169, 1173 (D. Kan. 1992) (Where claimant filed a "Motion for Review of Decision on Remand," the claimant was "bound to observe the sixty-day statutory deadline imposed by §405(g) for filing **new** petitions for judicial review," because "the court had ceded jurisdiction," through its Sentence Four remand.)[emphasis added].

      Moreover, we conclude that we cannot construe the Plaintiff's present request for review as a new Complaint. "Although mislabeling is not fatal, the motion * * * [does] not comply with the requirements of federal law for filing a complaint in the district court." Richmond v. Chater, supra at 267 [internal citations omitted]; cf., Carrol v. Sullivan, supra at 302 (implying, in dicta, that the claimant's Motion to Reopen, which is not permitted under Melkonyan, "would necessarily have to be regarded as the institution of a new case[.]"). "It [does] not state the basis of the district court's jurisdiction, [does] not ask for any relief (though perhaps this was implicit), and [is] not accompanied by the payment of the * * * fee," id., nor any application to proceed in forma pauperis ("IFP"). We note that, when the Plaintiff sought judicial review of the first ALJ's decision, he proceeded pro se, but managed to file a proper Complaint, and an application for IFP status. See, Docket Nos. 1 and

2.  At this time, he has made no suggestion that he is unable to comply with those requirements, with respect to his current attempt to seek judicial review.

Moreover, the correspondence that the Plaintiff received, from the Appeals Council, plainly states that he must file a new civil action, and a new Complaint, if he wanted to appeal the second ALJ's decision to a Federal District Court.  See, Docket No. 21, at unnumbered pages 4, 59.  No matter what the reason for the Plaintiff's decision to file this incognizable request for review, instead of a new Complaint, we recommend that his request be denied, due to our lack of jurisdiction.  If the Plaintiff chooses to pursue his right to judicial review of the second ALJ's decision, he must commence a new civil action.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Request for District Court Review [Docket No. 21] be denied.

Dated: March 20, 2008                                *s/Raymond L. Erickson*
                                                     Raymond L. Erickson
                                                     CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **April 4, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **April 4, 2008**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.